The case on the calendar is Kenneth Bailey v. Shawn Swindell. May I please report? You may. Good morning. Good morning. My name is Margaret Kosan, and I represent Kenneth Bailey in his 1983 appeal of a post-verdict order granting Officer Swindell's Rule 50 motion on qualified immunity. Thank you for allowing us to present an argument today. It's a real honor and privilege, and with me at counsel's table is Keith Widener. A different panel of this court previously considered qualified immunity at the summary of the district court's order finding qualified immunity in favor of Officer Swindell. And in doing so, the court said, the law is clearly established, this case falls clearly under Payton, and no exigent circumstance even plausibly applies in this case. The case was remanded, and the jury found the actual facts. And they are... And you went to trial on the false arrest. Correct. False arrest. And the disputed issues of fact were, what happened on the porch of the Bailey home immediately preceding Officer Swindell's tackling of Mr. Bailey inside the Bailey home? And my understanding of the record, and you can correct me if I'm wrong, is that the officer testified, the mother testified, and I think there was another relative who testified? Correct. And Officer Swindell's testimony at trial was that your client had attacked him or whatever, and that was the reason for him following him into the house? Correct. And there was a special instruction, interrogatory, that was presented to the jury, and the jury specifically did not find that Officer Swindell had probable cause as a result of violence  Correct. The jury found no probable cause for a battery, no probable cause for resisting with violence, and they entered a verdict awarding damages to Kenneth Bailey. What do you make of the jury's finding that there were no exigent circumstances? How do we understand that? And the reason I ask that question is because the judge said it wasn't clearly established that there was no exigent circumstances. The jury found there was no exigent circumstances, and just having a difficult time in figuring out how to understand what the jury was saying when it came back and said there were no exigent circumstances. The jury is saying, we believe Kenneth Bailey's account, and his mother's account, and his brother's account of what took place on that porch. And that was when Officer Swindell wouldn't tell him why he was there, wouldn't tell, eventually said, I'm here for an investigation, but wouldn't say what he was investigating. When he made a mocking reference to needing his mommy, and when his tensions were escalating, and he refused to go out with him to his police vehicle, which was parked across the street in an unlit area, he said, if you're not going to tell me, I'm going to turn around and turn around and go inside. And weren't they instructed, I mean in the jury instructions and also in the special verdict form, that the exigent circumstances, if you were going to find exigent circumstances, they had to be hot pursuit of the fleeing suspect, urgent need to enter the home to prevent imminent destruction of evidence, or specific and articulable facts supported that the suspect was armed and immediate entry into the home was necessary for safety. I mean, that was also part of the jury instructions where they were specifically instructed by the district court judge that you had to find, if you found exigent circumstances, you ruled in favor of the officer. If you didn't, then you ruled in favor of Mr. Bailey. That's precisely correct, Judge Lagoya. And you're supposed to infer at the Rule 50 stage that every disputed fact and the inference to be drawn from them was decided in favor of Kenneth Bailey. And now, obviously, qualified immunity, it's a question of law, but it has facts as well. But the facts in this case were determined by the jury, the ultimate finders of fact. So was the district court judge obligated to disregard the factual findings that the jury made? Quite the opposite. I think the district court was required to follow the factual findings. And implicit, or even explicitly because of the instructions that the jury is presumed to understand and follow, the jury found no fleeing suspect. Yeah, but how can, I mean, look, I don't necessarily disagree with you, but I'm trying to wrap my head around how it is that the jury could have found that the arrest started outside. And then the instruction that I keep going back to is exigent, this is what the district court told the jury. Exigent circumstances justify a law enforcement officer's warrantless entry into a home where the arrest was set in motion in a public area that is open to public view, which includes a front porch, and the person flees into a home and the officer immediately follows the fleeing suspect into the home. How does it make sense that the jury said the arrest started outside, but yet there were no exigent circumstances, if that's the instruction the jury gave, I mean, the judge gave the jury? Well, the judge didn't give an instruction on what initiate means. What does it mean to initiate an arrest? And the court allowed the counsel to argue what that means. And counsel essentially gave a recipe for a Fourth Amendment violation in the way it defined initiate. And it said, even if you accept Kenneth Bailey's version of the facts, and he had already crossed the threshold, as long as the officer is outside and informs that intent has probable cause and makes a motion toward him, then that's initiating the arrest. Well, I have a question because it's, I'm not necessarily sure of what the crime was, okay, the alleged crime, is because in the jury instructions where it says the arrest was set in motion, and the officer immediately follows the fleeing suspect into the home from the scene of the crime, I mean, my understanding of the record was that the initial crime was at the ex-wife's house or the marital home. And then he goes to the parents' home, but the crime, the scene of the crime was not there. Correct. Well, in fact, the officer had no facts that a crime had even been committed. No, I mean, because the jury found that there was probable cause for, I mean, maybe I'm wrong about this, but I mean, the jury found there was probable cause for knowingly resisting, obstructing, or opposing a law enforcement officer who was engaged in the lawful execution of a legal duty. So if that was the probable cause finding, that had to have happened in the front yard, right? Without violence. But yes. But the jury wasn't specifically asked at what point that occurred. At what point did Officer Swindell give the command to Bailey, if it occurred outside, you're not free to leave. At what point did he first make contact? Was it outside or was it inside? And we have to assume that the jury decided all those facts in favor of the Bailey's, that it occurred after he crossed the threshold. But they said, though, the jury said that the arrest was initiated outside. So that's, I mean, I just, and look, I just have a hard time understanding this verdict. Well, it's consistent if you follow Bailey's version of the facts. And if you remember the McClish case, there- But Bailey's version of the facts was that the arrest was initiated inside, right? Well, it depends on the definition of initiate. Right. Well, every use of the English language depends on the way you define the words that you're using. But I guess my point is, that was what the jury, the jury was asked this question and the jury said it started outside and it was initiated outside. So if we take that to mean that the arrest started outside, how does this make any sense? Well, if you remember the McClish case, there an officer went to the suspect's trailer, knocked on the door. The arrest, he opened the door in his bathrobe. The police officer reached in and pulled him out. And this court said that violated Payton's bright line rule. This case is governed by Payton, not Santana. But under the definition that Swindell's counsel gave to the jury, that arrest would have initiated outside. Well, can- That can't be the determining factor without, you can't divorce that from the exigence of the crime. I'd like to take you back to, I think, the actual issue that we have before us because the issue really is that the district court judge made a finding of qualified immunity. And that decision was really based on an understanding that Mr. Bailey, that the arrest was based on exigent circumstances, the warrantless entry into the home. And I guess the real issue is, how could she make that finding or that determination when the finders of fact determined that there were no exigent circumstances? She couldn't without usurping the role of the jury, Your Honor. How is that? And I don't necessarily disagree with you, but I'm just having serious problems understanding the facts of this case that the judge is supposed to take from the jury verdict. But the qualified immunity issue is not whether exigent circumstances existed, it's whether it was clearly established law, whether exigent circumstances existed, right? So it's- Well, clearly established law about whether an officer could pursue a fleeing misdemeanant. But the jury found he wasn't fleeing. So you first have to have that fact. And that fact was not found. In fact, quite the opposite by the jury. Okay. So the key fact then, the key fact that undermines, I'm just repeating this to make sure I understand your argument. The key fact that undermines the qualified immunity analysis by the district court was that the jury found that there was no fleeing suspect? Correct. Okay. Thank you. And you have time remaining for rebuttal. Thank you. Good morning, Your Honors. Good morning. Good morning. Please report. My name is Tom Fulton. I'm here on behalf of Deputy Swindell. I'd like to pick up with the last bit of discussion with Your Honors and counsel on the issue of distinguishing between the jury's finding of no exigency versus the legal question of whether it was clearly established that there was no exigency if the arrest is begun on the porch and there is probable cause for the arrest. The probable cause was for the misdemeanor offense of resisting without under 843.02. The jury also found that the arrest was initiated outside the home. And I want to add to Your Honors' question about who testified. It was the brother who also testified, Jeremy Bailey. And he... Right, but your client also testified and your client testified that there was an altercation and obviously the jury didn't find your client credible because they didn't either find for a battery or for violence against an officer. But they did find that there was probable cause. I understand that, but your client testified specifically that there was a battery and the jury found that not credible because they made no such finding. The fact that the jury rejected that basis for probable cause doesn't mean that there wasn't probable cause. I'm not saying that there wasn't probable cause. I understand and I can read the special verdict form, okay? So I understand that there's probable cause. But the issue is the jury then also found that once Mr. Bailey was inside the home, there was no basis for a warrantless entry into the home by your client. I think the district court, and this is carrying off of the Lang versus California Supreme Court decision, which came right as all this was being debated, is that it is not clearly established that if an arrest, even a misdemeanor arrest, is begun outside, if it continues into the home, if the person retreats into the home, that that does not in and of itself either represent exigency or completion of the arrest. Yeah, and I totally get that. But the problem I'm having is that the instruction the district court gave to the jury was exactly that, was if you were pursuing a fleeing suspect into the home, then that's an exigent circumstance. And the jury came back and said there were no exigent circumstances. So didn't the jury find then, to go to her point, that there was just no fleeing suspect? In the best case scenario, if we take that fact and translate it as conclusive as a matter of law, that would just establish an underlying conclusion. But it's not a matter of law. The question here is, you have, this is not a summary judgment. This is a jury trial, okay? And the jury is the ultimate finder of fact, right? And the district court judge then has to take those findings of fact and apply them and make an analysis on the law and determine whether or not qualified immunity applies. And here, the jury specifically found, they made a decision, rightly or wrongly, they're the finders of fact, that there was no hot pursuit and no exigency existed. But that does not answer the question of whether it would have been clearly established that if you have probable cause and you begin the arrest on the outside, that you cannot complete it immediately on the inside. Well, let me give you a hypothetical. I mean, I realize this is not this case, but I mean, let's assume that, let's assume there was a dispute between Mr. Bailey and the officer and one of them says, it was 30 minutes, 30 minutes went by between the outside and the inside, and the officer said, no, it wasn't, it was like five minutes. The jury comes back and says, exactly what they said here, no exigent circumstances. Would a district judge have the basis to say qualified immunity in that circumstance? That would be a lot weaker, but in this particular case. I think he wouldn't be able to do it. I mean. All the testimony, everybody here testified that it was immediate. Okay, there's not a lengthy delay here. Right. But what I wanted to point out. But though, you have the same jury finding. That's my point. You have the same jury finding here as you would have in that circumstance. You always have to put that in the context of what other particulars of the case. I mean, nobody here was arguing that, like in McClish, there's a seven hour delay, right, between the arising probable cause and when they tried it to arrest him. Nobody's arguing under the scenario here that there was some kind of lengthy delay that broke the arrest process. That was why the question of where it began was so important and why we get a delay. And, Your Honor, I want to go back to. Why was that issue even submitted to the jury then? I mean, that's what's good. I just, I don't know that I would have done this the way the district court did it. I just, it's odd to me that this question was submitted to the jury. If your position is that it doesn't matter what the answer is, you win no matter what. Well, it depends. It's like we're talking about an underlying constitutional violation or qualified immunity. If the jury had answered yes, there was hot pursuit. There would be an underlying constitutional violation. Yeah, you'd win. You'd win if they answer yes and you win now if they answer no.  Right. If the answer. So why was it submitted to the jury? Because it makes a difference whether the jury or the judge, the outcome is, is there an underlying constitutional violation or are we talking about qualified immunity? They're two distinct questions. All right. And had the jury answered yes, there was exigency, there'd be no underlying constitutional violation. The fact that the answer no, there's no exigency, doesn't mean that it wasn't clearly established, or that it was clearly established that Deputy Swindell could not complete the arrest, initiated on the outside, immediately going to the inside. And I want to emphasize, I keep trying to do it, Jeremy Bailey, the brother, gave a statement at the time, at the time, on video, that there was physical contact outside that Kenneth Bailey, his brother, then reached and opened the door and the two men fell inside. All right. And now he changed his testimony at trial to say, oh, no, it all happened inside. Again, finders of fact, not on this bench. A jury made findings of fact, and I'm sure you made these arguments in front of them, and they did not buy it. If you, okay, let's go back to Saucier v. Katz and Pearson v. Callahan. All right. If the court wants to say that based upon the jury's finding, there was a constitutional violation, that's one thing. But then you have to answer the second inquiry. Was it clearly established? All you have to do is read California, Lange v. California, and there's Justice Kagan, and there's a footnote that talks about all the different case law out there. There are categorical rules. You can always follow inside for a misdemeanor arrest in some jurisdictions. You can't in others. And she concludes, it's very fact intensive, depends upon the circumstances of the case. You have a misdemeanor arrest for which there's a probable cause initiated on the outside. The question is, is it clearly established that Deputy Swindell cannot complete the arrest that's initiated on the outside, regardless of whether we're going to attach hot pursuit to it, destructive evidence to it, all the other standards? Well, it's a warrantless entry into a home. Yes. Correct? Yes. To complete an arrest. Officers Swindell could have instead said, okay, I'll come back with a warrant. It doesn't answer the question. Because there are no exigent circumstances. What are the exigent circumstances, or what is the basis for allowing a warrantless entry into a home, which is sacrosanct? It's a practical matter. I think it's a little bit unreasonable to expect, if we accept that the arrest began on the outside, right outside the door, and the two men tumbled to the inside, to expect the deputy to hold up suddenly and stop the arrest process. I just don't think that that's practical. But more importantly, the question is, is it clearly established to be unconstitutional? I don't think that that's what the evidence was at trial, that he tumbled. I think it said he tackled him, and he entered him and tackled him. Fine. Correct? Yes. That's the deputy's testimony. Right. I guess, just to go to those questions, just go back to what I, what did happen? What are the facts that the jury found? That's what is so confusing to me. The two facts that compel the conclusion that the deputy's entitled to qualified immunity are that there was probable cause for the arrest, and it was initiated on the outside. You put that in the context of the rest of the facts of the case that are not in dispute, and you easily draw the conclusion, as did the district court, especially after lynching. That's not what the district court, the district court specifically made the decision based on exigent circumstances. That was what her question was. That's how she framed the question. Correct? No. Respectfully, Your Honor, I think the question wasn't just whether there was exigency. It was whether it was clearly established that there would be no exigency under these circumstances. I believe in the order. It's phrased in the qualified immunity terms. The judge, I want to emphasize this. The judge will go with it. The district court did not decide there was no constitutional violation. The district court decided that it wasn't clearly established that the deputy could not continue the arrest into the home. I thought my understanding was that the district court framed the question as to whether it's clearly established that an officer in hot pursuit of a mishand, fleeing an arrest initiated outside the home, doesn't have exigent circumstances justifying lawless entry into the home. So if the dispute is over what is meant by hot pursuit, I suppose I would bring that question back to me. Well, then how is it clearly established what is hot pursuit? Well, the problem is that the jury said there was no hot pursuit. That's what the phrasing of the question assumes facts that the jury seems to have rejected. I understand. I just think that at the end of the day, Lange really controls this situation. The discussion in Lange about how widely circumstantial this is and the fact that there's no consistent answer. And then the conclusion in Lange is we're not going to put into place a consistent answer to this question. They defer the question to be one of very fact intensive. So here you've got probable cause for an arrest that's begun on the outside. Is there any 11th Circuit or United States Supreme Court case law prior to the incident sued upon that clearly establishes that a deputy beginning a misdemeanor arrest on the outside cannot immediately continue it to the inside? No case says that. McClish is not like that. There's tons of cases that say you cannot have a warrantless entry into a home. That's a broad proposition of law. That's not specific. It's a pretty important broad proposition of law, don't you think? I'm not minimizing that. But from the practical point of view of a deputy arrest. In fact, there are exceptions to it. And one of them is exigent circumstances and hot pursuit. Again, I think that it's perfectly reasonable for the court to decide under these circumstances and the finding of no exigency there's an underlying constitutional violation. But the deputy's suit is in individual capacity. So you have to ask, is it clearly established? I mean, the question really is whether or not your client could have entered the home to complete the arrest even in the absence of exigent circumstances. As traditionally defined, yes. But that's not what the district court judge did here. The district court judge specifically disregarded the jury's finding that there was no hot pursuit or exigent circumstances and reframed the question and disregarded the findings of fact that the jury made. I mean, that's the issue I have. But only for purposes of deciding qualified immunity. Right, but we have case law that says factual finding that the court must use to render its ultimate legal determinations on qualified immunity are that you can't disregard the jury's answer on that. I understand, but at the same time, the fact that the jury reaches a conclusion that there's no exigency doesn't mean that it wasn't clearly established. The fact that the jury finds no exigency doesn't mean it's clearly established that there was no exigency premised on probable cause to initiate arrest that begins from the outside. Yeah, let me ask you this. Do you think the question of exigency is a question of law or a question of fact? I think it's mixed. So, I mean, I think you're right. So is what the district court doing here? I mean, I'm trying to kind of recast your argument in a way that is helpful. Is what the district court doing here saying, look, I've got the jury's findings of fact about exigency, but there's a legal element to it as well, and as to that legal element, the law wasn't clearly established. The law wasn't, you know, I told the jury that fleeing suspects create exigency, but there's still a legal element to it, and I can evaluate whether that legal element was clearly established, something like that? Right. The question on the verdict form is not was it clearly established there was no exigency. Right. And the judge is not going to read them Santana and Payton and McClish and Moore versus Peterson and all the other cases and say, you know, that's the dispute. The judge is simply asking do you find factually that there was exigency, and the fact that the jury says no to that factual question does not prevent the conclusion that it was not clearly established there would not be exigency. And I want to phrase this. But that doesn't make sense to me because there was no objection by your side to presenting this to the jury, the question of whether or not there was an exigent circumstance or hot pursuit. I mean, that was argued to the jury, it was in the jury instructions, and it was in the special verdict form. So that question was presented to the jury, and once they made that finding that there was no hot pursuit, then the analysis that the district court judge has to make is based on that finding. And I return to the point that if the question is was there an underlying constitutional violation based upon those answers, the court can easily answer yes to that but still say is it clearly established  Particularly when you look at Lange, which is coming out in the midst of this, the answer to that question is no, it wasn't clearly established. They are reconcilable when you just look at it from a Saussure-Katz, Callahan-Peterson situation of which question do we answer first, underlying constitutional violation, and also the qualified meeting. Your Honor, does that answer your question? I guess I'm over time. Any other questions? No, thank you very much. Thank you. Once again, Lange addressed whether the law regarding a fleeing misdemeanor was clearly established. The jury, as the court has correctly observed, found that there was no fleeing suspect here. So the district court usurped the role of the jury and disregarded that factual finding in concluding that Officer Swindell was entitled to qualified immunity. Now, if an officer is mistaken, say a reasonable officer in Officer Swindell's position, possessing the facts that he possessed, reasonably but mistakenly believed that the suspect was fleeing into the home, that's still a factual question for the jury. If he misapprehended the law, however, that's a question for the judge to decide at the qualified immunity stage. The Jones case out of the Second Circuit, I think, does a good explanation of that breakdown. But here, this was clearly a factual finding that the jury made that the district court was not at liberty to ignore in granting qualified immunity, the Rule 50 motion. And with that, unless the court has any other questions. I have just a record question. Who came up with this question to ask the jury about exigent circumstances? I mean, did it come organically through everybody, or was there somebody who wanted it specifically? Well, both sides present. I don't recall specifically, but both sides presented proposed verdict forms. And it was actually Kenneth Bailey who asked more of the factual what happened when. When was the contact between Bailey and Swindell first made? Was it outside or inside? But the court adopted this verdict form, and the parties agreed to it. However— So it was an organic mix between the parties? Correct. So it was not—this was neither your instructions or his instructions. It was sort of a melding and a mixture that was created by the district court. Yeah. I didn't memorize who submitted what questions, except for that Bailey's were more factual in nature. The historic when, where, what. But the instructions to the jury that the court gave were, if you found this was initiated outside, that's not enough. You then have to ask, was there an exigent circumstance that allowed him to pursue Bailey inside? And the jury said no. And so if it's a fact that we're going to later ignore, why was the jury instructed that way? And I think the jury followed the instructions, and this was a clear violation of the Fourth Amendment, a right that strikes at the core of the Fourth Amendment, the sanctity of the home. So we would ask that the court please reverse the judgment in favor of Mr. Slendell and remand so that judgment could be entered in accordance with the jury verdict for Kenneth Bailey. Thank you. Thank you both. Very interesting argument. Have a good day, both of you. I'm afraid you're not done with me. Oh. Well, then you're not going to have a good day. Okay. Thank you.